IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:18-cv-2515-RM-KLM

Nieusma, Inc., d/b/a Supreior Toxicology
and Personal Wellness, and
Dr. Joe Nieusma,Ph.D.,

    *Plaintiffs*,

Affygility Solutions, LLC,

    *Defendant*.

___

# ORDER
___

Plaintiff Joe Nieusma, Ph.D., owner of Nieusma, Inc.,[1] had a contractual relationship with Defendant Affygility Solutions, LLC, pursuant to which Dr. Nieusma authored written medical materials and reports ("Reports") that Affygility marketed and sold. (Am. Compl. ¶¶ 1–2, ECF No. 16.) The parties' relationship progressed from an oral profit-splitting arrangement to a formal, written agreement ("Agreement") but ended when Affygility canceled the Agreement on February 21, 2018. (*Id.* ¶¶ 3, 5.) Even so, Nieusma alleges that Affygility continues, unlawfully, to sell the pre-Agreement Reports that he authored but which the company does not own. (*Id.* ¶ 44.) The focus of this case asks for a narrow judicial determination: Niusma "seeks a declaration that the [ ] Agreement did not transfer to Affygility ownership of the pre-Agreement Reports and their underlying intellectual property." (Am. Compl. ¶ 49, ECF No. 16.)

___

[1]     It appears that Nieusma, Inc., which is not a signatory to the agreement at issue in this case, may not have standing to sue, leaving the Court without subject-matter jurisdiction over any claims to the extent that they are alleged on behalf of the company. *See,e.g., Pierce v. Green Tree Servicing LLC*, No. 15-CV-00913-RBJ, 2015 WL 6689487, at *2 (D. Colo. Nov. 3, 2015), *aff'd,* 667 F. App'x 294 (10th Cir. 2016) (finding that non-signatory did not have standing to bring contract claims); *see also* Fed. R. Civ. P. 12(h)(3). All subsequent references to Nieusma are to the person, and the "parties" only means Nieusma and Affygility.

Nieusma initially filed claims for unjust enrichment, conversion, and declaratory and injunctive relief in the Colorado District Court for Broomfield County. (ECF No. 3.) Affygility removed it here, asserting federal question jurisdiction and preemption by the Copyright Act, 17 U.S.C. § 101, *et seq.* (Notice of Removal, ECF No. 1.) Nieusma then filed an Amended Complaint with a single count for declaratory judgment and moved to remand the matter back to state court. (Remand Motion, ECF No. 17.) Affygility opposes remand and has moved to dismiss on preemption and other grounds. (Mot. to Dismiss, ECF No. 24.) These motions are fully briefed. (ECF Nos. 17, 22, 24, 25, 26, 27.) Because resolution of both motions turns on whether Nieusma's claims are preempted by the Copyright Act, the Court considers them together.

I. **BACKGROUND**

Plaintiff Nieusma, individually and through Nieusma, Inc. (d/b/a Superior Toxicology and Personal Wellness) maintained a close business relationship with Affygility between 2007 and 2017. (Am. Compl. ¶ 1.) Since 2007, Nieusma authored Reports, and Affygility marketed, produced, and sold them. (*Id.* ¶¶ 2, 13.) Between 2012 and 2016, pursuant to an oral agreement, Nieusma and Affygility split the profits from Report sales evenly (50% each). (*Id.* ¶ 3.) Throughout this period, Nieusma maintained ownership of the Reports and their underlying intellectual property. (*Id.* ¶ 4.)

On February 22, 2016 the parties—all from Colorado—entered into a formal, written Agreement that governed the proceeds of, and rights to, the Reports prepared and sold during the Agreement's term. (*Id.* ¶¶ 5, 9–10; Agreement, ECF No. 1-2) Per the Agreement, Nieusma was an independent consultant entitled to payment for his services, and Affygility was entitled to receive all work product. (Agreement § 2.) Regarding that work product, the Agreement states:

> Consultant [Nieusma] will promptly furnish and disclose to
> Company [Affygility] all materials . . . discovered, prepared or

> developed by or for Consultant in the course of or resulting from the provision of Services under this Agreement and all intellectual property rights and applications relating to the foregoing (collectively the "Work Product"). All right, title and interest in the Work Product vests in the Company and is deemed to be a work made for hire; and, to the extent it is not considered a work made for hire, Consultant hereby assigns Company all right, title and interest in and to such Work Product. Consultant hereby irrevocably waives (and to the extent necessary, has caused its employees, contractors and others to waive) all rights under all laws (of the United States and all other countries) now existing or hereafter permitted, with respect to any and all purposes for which the Work Product may be used, including without limitation: (a) all rights under the United States Copyright Act, or any other country's copyright law, including but not limited to, any rights provided in 17 U.S.C. §§ 106 and 106A; (b) any rights of attribution and integrity or any other "moral rights of authors" existing under statutory, common or any other law.

(*Id.* § 5.) Nieusma alleges that while this language "transferred ownership of the Reports and related intellectual property that he created *during the term*, and only during the term, of the [ ] Agreement to Affygility[,]" he never transferred ownership rights in the pre-Agreement Reports he authored. (Am. Compl. ¶¶ 21, 29 (emphasis in original).)

On February 21, 2018, Affygility terminated the Agreement in accordance with its rights. (*Id.* ¶ 24; Agreement § 2.) However, the company continued to market and sell Nieusma's Reports—including pre-Agreement Reports (*i.e.*, those authored before February 22, 2016)—without paying him. (Am. Compl. ¶¶ 26, 36.) On May 3, 2017, Nieusma's counsel sent a letter to Affygility, in which Nieusma reiterated he owns all of the pre-Agreement Reports, requested compensation for the post-termination Report sales, and intimated that Affygility could not sell his pre-Agreement Reports any longer. (*Id.* ¶¶ 28–29.) Affygility responded by asserting that it owns *all* of the Reports, including all of the pre-Agreement Reports, and refused to compensate Nieusma for post-Agreement sales. (*Id.* ¶ 30.) The company continues to sell the pre-Agreement Reports and keep all of the proceeds despite Nieusma's position that he owns the rights to those

3

Reports and his demands that Affygility cease. (*Id.* ¶ 41.) Based on this, "Nieusma seeks a declaration that the [ ] Agreement did not transfer to Affygility ownership of the pre-Agreement Reports and their underlying intellectual property." (*Id.* ¶ 49.)

## II. ANALYSIS

Affygility wants this case dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for the same reason it believes remand is improper.[2] The company is convinced that Nieusma's claim invokes, and is therefore preempted by, the Copyright Act. The Court disagrees, finds that the Colorado District Court for Broomfield County is the only appropriate forum for this suit, and does not consider the merits, if any, of the motion to dismiss.

A defendant may remove a state action to federal court if it is one over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). But the party invoking federal jurisdiction bears the burden of proving such jurisdiction exists. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Here, because all parties are from Colorado, there is no diversity of citizenship, and the Court can only hear this dispute if it arises under federal law. 28 U.S.C. § 1331 (federal question); *see also* 28 U.S.C. § 1332 (diversity of citizenship). The single remaining claim here seeks a declaratory judgment pursuant to Colo. Rev. Stat. Ann. § 13-51-106 and C.R.C.P. 57, which are state procedural statutes permitting a contracting party to have a question of the contract's construction or its rights thereunder determined by a court. Even though clearly stated in terms of state law, Affygility is convinced that this claim actually seeks enforcement of Nieusma's right to sell certain Reports and is therefore preempted by the Copyright Act.

---

[2] In addition to its preemption argument, the motion to dismiss alternatively argues that Nieusma cannot cure the pleadings by amendment and that, at any rate, the declaratory judgment claim fails based on the terms of the Agreement. (*See generally* ECF No. 24.)

4

Federal law provides copyright in original works of authorship fixed in any tangible medium of expression, including in literary works. 17 U.S.C. § 102. Unless the author has agreed otherwise, or a limitation applies, he has certain exclusive rights with respect to his works, such as to reproduce and distribute copies of those works to the public by sale or other means. 17 U.S.C. § 106. But not only does the Copyright Act provide certain rights, it "preempts enforcement of any state cause of action which is equivalent in substance to a federal copyright infringement claim." *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1542 (10th Cir. 1996); *see also* 17 U.S.C. § 301(a) ("[A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 . . . and come within the subject matter of copyright . . . are governed exclusively by" federal copyright law.). Parsing the relevant inquiry apart, the Copyright Act preempts a state claim if (1) the work is within the scope of the copyright subject matter; and (2) the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. § 106. *Harolds Stores, Inc.*, 82 F.3d at 1542–43 (citing *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 847 (10th Cir. 1993)). The pre-Agreement Reports authored by Nieusma and being sold by Affygility, as original works, are within the scope of copyright. Thus, the only question is whether the rights sued upon here "are equivalent to any exclusive rights within the scope" of federal law.

A state cause of action is not equivalent to exclusive rights provided by federal law if it "requires an *extra element*, beyond mere copying, preparation of derivative works, performance, distribution or display." *SCO Grp., Inc. v. Int'l Bus. Machines Corp.*, 879 F.3d 1062, 1080 (10th Cir. 2018) (quoting *Gates Rubber Co.*, 9 F.3d at 847; emphasis in original). In such case, "the state cause of action is qualitatively different from, and not subsumed within, a copyright

infringement claim and federal law will not preempt the state action." *Gates Rubber Co.*, 9 F.3d at 847. Put another way, a claim is not preempted if it requires a plaintiff "to establish proof beyond that required to demonstrate a violation of the exclusive rights protected by" the Copyright Act. *Harolds Stores, Inc.*, 82 F.3d at 1544 (10th Cir. 1996). In *SCO Grp., Inc.*, the Tenth Circuit evaluated whether a misappropriation claim under New York law required an "'extra element' beyond the elements of a federal copyright infringement claim" such that it was not preempted. 879 F.3d at 1080. As the court made clear, a copyright infringement claim requires only two showings of a plaintiff: that (1) he "owns a valid copyright" and (2) the defendant "copied protectable elements of the copyrighted work." *Id.* (quoting *Paycom Payroll, LLC v. Richison*, 758 F.3d 1198, 1204 (10th Cir. 2014). On the other hand, the court noted that misappropriation claims under New York law require a victim to demonstrate the defendant's bad faith—a requirement beyond scienter that typically involves showing fraud, deception, or abuse of a fiduciary or confidential relationship. *Id.* Contrasting the elements of the respective claims, the circuit found the "extra element" test satisfied with respect to the misappropriation claim and refused to find it preempted. *Id.* at 1081; *see also Gates Rubber Co.*, 9 F.3d at 847–48 (same result analyzing the "extra element" contained in a Colorado misappropriation claim).

Here, there is no doubt that Nieusma believes (1) he is the proper owner of the pre-Agreement Reports and (2) Affygility has been unlawfully selling them in violation of his rights thereto. Latching onto these allegations, Affygility's reticence to remand equivocates Nieusma's claim with one seeking to establish his rights to reproduce or distribute copies of those Reports. (ECF No. 22, at 6.) But this interpretation expands the focus of Nieusma's remaining claim, which is qualitatively different from, and requires elemental proof beyond, copyright infringement. All Nieusman asks is whether the Agreement transferred to Affygility any of his

rights in the pre-Agreement Reports. Finding the correct answer *does not* require any showing of infringement but *does* require a thorough analysis of the Agreement and, potentially, the parties' conduct. This narrow question of contract interpretation is not a federal one, and the Colorado District Court for Broomfield County is certainly equipped to answer it. *See Long v. Cordain*, 343 P.3d 1061, 1065 (Colo. App. 2014) ("[A] state court may resolve a dispute over copyright ownership if the issue turns on the interpretation of a contract."). Moreover, even a favorable resolution of his declaratory judgment claim will not afford Nieusma with a remedy comprehended by the Copyright Act. *See* 17 U.S.C. §§ 502 (injunctions), 503 (impoundment), 504 (damages and profits), 505 (costs and attorneys' fees); *see also Jasper v. Bovina Music, Inc.*, 314 F.3d 42, 46 (2d Cir. 2002) ("[I]f the case concerns a dispute as to ownership of a copyright, and the issue of ownership turns on the interpretation of a contract, the case presents only a state law issue, and, unless the complaint asserts a remedy expressly granted by the Copyright Act, federal jurisdiction is lacking, in the absence of diversity jurisdiction."). Without a basis in federal law to move forward, the Court lacks subject-matter jurisdiction.

## III. CONCLUSION

For the foregoing reasons, the motion to remand (ECF No. 17) is **GRANTED** and this case is **REMANDED** to the Colorado District Court for Broomfield County. The motion to dismiss (ECF No. 24) is **DENIED AS MOOT** for lack of subject-matter jurisdiction.

DATED this 3d day of April, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge